# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 4:19-cr-00024-TWP-VTW-2 |
| ROY BOGARD, | ) ) ) | |
| Defendant. | ) | |

## ORDER ON DEFENDANT'S MOTION FOR DETENTION HEARING

This matter is before the Court on Defendant, Roy Bogard's ("Bogard") Motion for Detention Hearing (Filing No. 83). Bogard requests a detention hearing pursuant to 18 U.S.C. § 3142, and request that the Court grant him release from detention due to the Coronavirus ("COVID-19"). The Government filed a Response in Opposition. (Filing No. 87.) For the following reasons, the Motion is **denied**.

## I. BACKGROUND

Bogard was indicted on October 1, 2019 and charged with one count of Access Device Fraud, one count of Aggravated Identity Theft, and two counts of Witness Tampering. The Court initially released Bogard under conditions of release following a detention hearing over the Government's motion for detention on September 16, 2019. (Filing No. 22- 25.) Less than two weeks later, the United States Probation Officers sought warrants for violations of conditions of release and a warrant was issued. Bogard's release was revoked on October 7, 2019 (Filing No. 62). He is presently detained at the Henderson County Detention Center, Henderson County, Kentucky. Bogard has sustained violations of prison rules while in pre-trial release. (*See* Filing No. 87-1.) He asks the Court to reconsider the detention Order issued by this Court because of

changed circumstances in jails and prisons across the country due to the COVID-19 pandemic. He seeks pretrial release on conditions pursuant to 18 U.S.C. § 3142(i). Specifically, he requests temporary release to home confinement at his mother's home, with GPS monitoring. He proffers that he will refrain from alcohol and controlled substances.

The Government opposes the Motion arguing Bogard's COVID-19 motion raises no valid changed circumstances relating uniquely to him, rather, he makes "broad and unsubstantiated claims regarding conditions at the jail in light of the worldwide spread of COVID-19" and such speculation cannot justify release. The Government also notes that the Henderson County Jail, has implemented the aggressive steps to counter the spread of the COVID-19 virus at its facility. (*See* Filing No 87 at 3-5.) The Government asserts that nothing in Bogard's Motion alters the danger he poses to the community should he be released. ([Filing No. 56 at 5](#).)

## II. <u>ANALYSIS</u>

As an initial matter, the Court determines a hearing is not necessary. When a criminal defendant appears before a judicial officer, the judicial officer must order the "pretrial release" of the person, subject to certain conditions, unless "the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person in the community." 18 U.S.C. § 3142(b). The judicial officer "may, by subsequent order, permit the temporary release of the person … to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." *Id.* § 3142(i).

It is undisputed that the entire United States—including Indiana and Kentucky—is in the midst of the COVID-19 pandemic. Bogard seeks release from detention because the COVID-19 virus attacks the elderly and those with underlying health conditions. However, Bogard does not

allege that he is either elderly or otherwise considered high risk. Bogard's Motion provides no "changed circumstances" justifying his immediate release from pretrial detention. Therefore, his Motion is **denied**.

### III. CONCLUSION

For the reasons set forth above, Bogard's Motion for Detention Hearing ([Filing No. 83](#)) is **DENIED**. Bogard has filed a Petition to Enter a Plea of Guilty ([Filing No. 80](#)). A change of plea and sentencing hearing will be scheduled soon and will proceed with safety precautions to be determined once the hearing is set.

**SO ORDERED.**

Date: 4/1/2020

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jonathan M. Hodge
HODGE & SMITHER, PLLC
jhodge@hsplawpartners.com

Bradley Paul Shepard
UNITED STATES ATTORNEY'S OFFICE
brad.shepard@usdoj.gov